# EXHIBIT A

## to Defendants Visa, Inc. and Atlanticus Services Corporation's Notice of Removal

### *State Court Pleadings*

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Putative Class

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/01/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Cwikla, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| KYLE BOURNE, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISA INC., a Delaware corporation; and ATLANTICUS SERVICE CORPORATION, a Georgia corporation,<br><br>Defendants. | Case No. 25STCV34815<br><br><br>**CLASS ACTION COMPLAINT FOR UNLAWFUL SPAMMING IN VIOLATION OF B&P CODE SECTION 17529.5** |

COMPLAINT

## I.   INTRODUCTION

1.   California's robust Anti-Spam Law (Business & Professions Code §17529.5) imposes both strict liability and substantial liquidated damages on companies that benefit from deceptive unsolicited commercial e-mail advertisements (a/k/a "spam").[1]  It empowers recipients of such spam to sue even if they were neither misled nor harmed by the spam,[2] dispense with the requirement of proving intent or scienter,[3] and is intended to force companies to actively monitor their advertising buy imposing exceptionally broad liability.[4]

2.   Plaintiff received the spam attached hereto as **Exhibit "A"** from the e-mail address service@goldenridge.top bearing the subject line **"Congratulations, Your Pre-Qualified* $1000 Visa®."**

3.   The e-mail contained a link to www.imaginecredit.com, whose terms and services make clear that it an affiliate of Defendant Atlanticus Services Corporation.   *See* https://www.imaginecredit.com/legal/?_gl=1*1eff02w*_gcl_au*MTc4MzI2MjgzMC4xNzYxNzU3O DQ5#ccpa .

4.   As shown below, the above e-mail violates Section 17529.5 in multiple ways. Defendants are strictly liable for liquidated damages of $1,000 to Plaintiff and each class member.

## II.   PARTIES

5.   Plaintiff is a resident and domiciliary of the state of California.

---

[1] *See Hypertouch, Inc. v. ValueClick, Inc.,* 192 Cal. App. 4th 805, 829-30 (Cal. Ct. App. 2d Dist. 2011) (characterizing section 17529.5 as "imposing strict liability on advertisers who benefit from (and are the ultimate cause of) deceptive e-mails").

[2] *Hypertouch,* 192 Cal. App. 4th at 822 (holding that section 17529.5 "does not require the plaintiff to prove that it relied on the deceptive commercial e-mail message or that it incurred damages as a result of the deceptive message"); id. at 829 ("the statute permits a recipient of a deceptive commercial e-mail to bring suit regardless of whether they were actually mislead or harmed by the deceptive message").

[3] *See Hypertouch,* 192 Cal. App. 4th at 821 ("section 17529.5 ... does not include any 'scienter' or intent requirement"); id. at 821-22 ("[L]ike other California statutes prohibiting false or misleading business practices, the statute makes an entity strictly liable for advertising in a commercial e-mail that violates the substantive provisions described in section 17529.5, subdivision (a) regardless of whether the entity knew that such e-mails had been sent or had any intent to deceive the recipient.").

[4] *Hypertouch,* 192 Cal. App. 4th at 820 ("[S]ection 17529.5 does not require the plaintiff to show that the defendant actually made a false or deceptive statement.... [B]y its plain terms, the statute is not limited to entities that actually send or initiate a deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails. [¶] Other portions of the statute confirm that the Legislature did not intend the statute to apply solely to those entities that actually send or initiate a deceptive e-mail."); id. at 821 ("In sum, both the text and legislative history of S.B. 186 make clear that section 17529.5 was intended to apply to entities that advertise in deceptive commercial e-mails, not only the spammers who send them.").

6. Defendant Visa is a global financial services company that offers credit cards and other financial instruments.

7. Defendant Atlanticus Service Corporation is a financial services company that offers Visa-branded credit cards and which promotes its services through unlawful spamming.

## III.    JURISDICTION AND VENUE

8. As a Court of general jurisdiction, this Court has jurisdiction over all claims asserted herein.

9. Venue is proper in this County because many of the class members received the spam in this County.

## IV.    FACTUAL BACKGROUND

10. Plaintiff is a California resident and the owner of the above e-mail address.

11. Plaintiff's e-mail address is a "California e-mail address" because Plaintiff ordinarily accesses the e-mail address from a computer in California. *See* Bus. & Prof. Code § 17529.1(b).

12. The spam identified above is a "'Commercial e-mail advertisement' because it was initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. *See* Bus. & Prof. Code § 17529.1(c).

13. Plaintiff never gave "direct consent" to receive commercial e-mail advertisements from Defendants or their marketing agents. *See Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1099 (2012) (noting that defendant acknowledged that recipients of its commercial e-mails did not receive "direct consent" to receive e-mails from defendant or its advertisers).

14. There are three primary ways in which commercial e-mail can run afoul of California's Anti-Spam Law (Bus. & Prof. Code § 17529.5):

    a. **Unauthorized Use of a Domain Name in Violation of Section 17529.5(a)(1).** A domain name is the unique Internet address used to identify the origin of a website or an email transmission (e.g., "apple.com" or "yahoo.com"). It functions as a digital signature, signifying the source of the communication and enabling recipients to verify the sender's identity. Section 17529.5(a)(1) prohibits any person or entity from

- 3 -

advertising in an email that is "accompanied by a third party's domain name without the permission of the third party." Bus. & Prof. Code § 17529.5(a)(1). This provision was enacted to prevent spammers from misappropriating the goodwill of trusted companies by embedding their domain names into headers, "From" fields, or hyperlinks to create the false impression of legitimacy. Misusing another entity's domain name deceives recipients, exposes them to fraud, and undermines trust in electronic communications. Courts have recognized that such spoofing practices fall squarely within the statutory prohibition. *See Balsam*, 203 Cal. App. 4th at 1097–98 (discussing § 17529.5(a)(1)'s application to domain name misuse when a domain name is inaccurate and not traceable to the actual sender).

b. **Misrepresented Header Information In Violation of Section 17529.5(a)(2).** An email header is the portion of an electronic mail message that contains the routing, addressing, and technical information necessary for the message to be transmitted and delivered across the internet. Unlike the visible body of an email, the header records the path the message takes from the sender to the recipient and includes fields such as the "From," "To," "Date," "Subject," "Reply-To," "Return-Path," "Received" lines, and the originating Internet Protocol (IP) address. The header serves as the digital equivalent of a postmark and return address on a physical letter—it discloses who sent the message, the servers through which it traveled, and how it reached the recipient's inbox. Misrepresenting this information conceals the true sender's identity and impedes spam filters. *See* Bus. & Prof. Code § 17529.5(a)(2); *Balsam*, 203 Cal. App. 4th at 1101.

c. **Deceptive Subject Line or Contents in Violation of Section 17529.5(a)(3).** This section not only prohibits deceptive subject lines but also affirmatively requires accuracy in the material facts contained in the content of commercial e-mail,[5] and is intended to punish advertisers who trick recipients into opening messages they

_____

[5] For violations of subdivision (a)(3), "the plaintiff need not prove actual falsity, but only that the offending statement was 'likely to mislead' the recipient." *Hypertouch*, 192 Cal. App. 4th at 823 n.6.

COMPLAINT

otherwise would ignore, thereby wasting time, invading privacy, and frustrating spam filters. *See Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334, 342-43 (2010).

15. The spam violates Section 17529.5 in the following ways:

a. **Misrepresented Header In Violation of Section 17529.5(a)(2).** The metadata shows that the e-mail was transmitted from service@goldenridge.top, a domain that bears no affiliation with Visa or any legitimate financial institution. By contrast, the "From" name is "Visa® Customer Access," giving the false impression that the message originated directly from Visa Inc. This mismatch between the display name ("Visa®") and the sending domain ("goldenridge.top") constitutes a forged header under California law because it conceals the sender's true identity and prevents a reasonable recipient from tracing the message to its actual source. *See Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1100 (2012). The "goldenridge.top" domain is a deceptive routing address designed to obscure the transmission's origin and make the message appear official when it is, in fact, an affiliate marketing communication.

b. **Deceptive Subject Line and Contents in Violation of Section 17529.5(a)(3).** This section prohibits deceptive subject lines and imposes an affirmative duty of accuracy in the material facts contained in the content of commercial e-mail. Here, the subject line — **"Congratulations, Your Pre-Qualified* $1000 Visa®"** — is misleading for several reasons. *First*, it conveys a materially false impression that the recipient has been individually pre-qualified for a $1,000 Visa credit product. The asterisk after "Pre-Qualified" is never meaningfully explained, and the body text contains only vague "account information updates" rather than an actual pre-approval or credit offer. This false representation is material because it is designed to induce recipients to open the email under the mistaken belief that they have obtained pre-qualified financial benefits. *Second*, the message falsely identifies Visa Inc. as the sender and sponsor of the communication, but metadata and content reveal that Atlanticus Service Corporation, a subprime financial services company that issues Visa-branded cards, is the true advertiser. This deceptive practice misrepresents who is actually promoting or

providing the advertised financial product. *Third*, the email header and body omit any verifiable sender information. The "goldenridge.top" domain lacks an associated company name or physical address, and the "unsubscribe" link contains no information identifying who maintains the mailing list or how to reach the sender. These omissions violate the statutory requirement that commercial e-mails must not contain falsified or misrepresented header information and must clearly identify the sender. The lack of transparency prevents recipients from contacting or opting out of further communications, reinforcing the deceptive nature of the transmission. Each of these violations independently satisfies the statutory standard of being "likely to mislead a reasonable recipient" under § 17529.5(a)(2), making the email unlawful.

16. Under Bus. & Prof. Code § 17529.5, liability attaches not only to the sender of the unlawful commercial email but also to any entity that advertises in the email. Thus, Atlanticus is liable as the sender and publisher of the spam e-mail, and Visa is liable as the advertiser whose products were promoted. Together, they are jointly and severally liable.

17. California courts have made clear that advertisers cannot escape liability by outsourcing email marketing to affiliates. *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 821–22 (2011) (holding that advertisers are strictly liable under § 17529.5 for unlawful emails sent by affiliates promoting their products); *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1099–1100 (2012) (explaining that the statute imposes strict liability to prevent advertisers from "hiding behind third parties")

18. Plaintiff and all class members who have received the same or similar violative e-mail are each entitled to liquidated damages of $1,000 per e-mail, for which Defendants are jointly and severally liable. *See* Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

19. Although a plaintiff need not plead or prove actual damages to bring a claim under the statute, Plaintiff has in fact suffered concrete, particularized harm as a result of Defendants' conduct. Plaintiff spent valuable time and attention identifying, reading, and deleting the deceptive email; incurred opportunity costs and lost productivity; and suffered depletion of device and network resources, including storage space, bandwidth usage on a metered data plan, and battery life. The

unauthorized domain name, misleading headers and subject lines also invaded Plaintiff's privacy and disrupted the ordinary use and enjoyment of Plaintiff's email account, diminishing its value as a communication tool and necessitating additional filtering and security precautions. These injuries were directly caused by Defendant's unlawful emails and are redressable by statutory and injunctive relief.

20. Defendants have not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of the following class:

**All natural persons using California email addresses who received any commercial email advertising Defendant's services that contained (a) falsified, misrepresented, or forged header information; (b) any misrepresented domain name; or (c) materially misleading contents in violation of Business & Professions Code □17529.5.**

22. The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

23. **Numerosity.** The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 5,000 members of the Class.

24. **Typicality**. Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

25. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are

- 7 -

experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

26. **Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a. Whether Defendant sent unsolicited commercial e-mail to Class members;

b. Whether the e-mails were sent in violation of Business and Professions Code Section 17529.5.

27. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

28. **Ascertainability.** Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses.

## VI.   CAUSES OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

29. Plaintiff received the above unsolicited commercial e-mail at Plaintiff's California e-mail address within one year prior to filing the Complaint at a California e-mail address.

30. As shown above, the spam violated one or more provisions of Section 17529.5.

31. Defendant is strictly liable for violation of Section 17529.5 for sending the spam.

32. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5 that would justify a reduction in liquidated damages.

33. Plaintiff and every Class member who received the above e-mail are entitled to $1,000 in liquidated damages from Defendant up to one million dollars per incident, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii)), and to recover reasonable attorneys' fees and costs, (Cal. Bus. & Prof. Code § 17529.5(b)(1)(C)).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

A. An order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;

B. For all available legal, equitable, and declaratory relief;

C. For liquidated damages;

D. For punitive damages;

E. For attorneys' fees and costs as allowed by law; and

F. For any and all other relief at law or equity that may be appropriate.

Dated: November 30, 2025                    PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott J. Ferrell
Attorneys for Plaintiff and Punitive Class

COMPLAINT

# EXHIBIT A

From: Visa® Customer Access <service@goldenridge.top>
Date: 10/20/25 6:04 PM (GMT-08:00)
To: kylebourne21@yahoo.com
Subject: Congratulations, Your Pre-Qualified* $1000 Visa®

Important account information and updates inside.

# Imagine

# The Next Step in Your Financial Journey is Here

Imagine more spending power for your everyday expenses. Make it happen with the Imagine Credit Card.

**See if You Prequalify**

Imagine

CARDHOLDER NAME    VISA

**Instant decision, Imagine prequalifying\*, without hurting your credit score.**

## Enjoy These Great Cardholder Benefits



**Zero Liability Fraud Protection\*\***
If your card is lost or stolen, you aren't responsible for unauthorized use.



**Card Control & Transaction Alerts**
Easily access card security tools and enable notifications in Imagine Account Center.

The Imagine® Credit Card is issued by WebBank, pursuant to license by Visa Ltd.

This email was sent by Imagine® Credit Card, a credit program of WebBank. Mailing address: Account Services, P.O. Atlanta, GA 30348-150824 Contact us at 1-855-921-5700 or service@imaginecredit.com

If you no longer want to receive marketing emails from Imagine Credit Card you may unsubscribe here.

# Account Information Update

Please review the latest details associated with your account. This information is provided for your records and to ensure continued accuracy of our communications.

If you recently made changes or requested updates, no further action is required unless otherwise stated.

This message is intended for informational purposes only. To stop receiving similar notifications, please click here to unsubscribe.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
VISA INC., a Delaware corporation; and ATLANTICUS SERVICE CORPORATION, a Georgia corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
KYLE BOURNE, individually and on behalf of all persons similarly situated,

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| Electronically FILED by Superior Court of California, County of Los Angeles 12/01/2025 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By S. Cwikla, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
312 N. Spring St., Los Angeles, CA 90012

| CASE NUMBER: (Número del Caso): |
| --- |
| 25STCV34815 |

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

Phone No.: (949) 706-6464

DATE: (Fecha) 12/01/2025  Clerk, by (Secretario) **S. Cwikla**  Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): ATLANTICUS SERVICE CORPORATION, a Georgia corporation

under: [X] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464        FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff & the Putative Class | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**12/01/2025 12:00 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By S. Cwikla, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Bourne, et al. v. Visa Inc., et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25STCV34815 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: One (1)
5. This case [X] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 30, 2025

Scott J. Ferrell
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bourne, et al. v. Visa Inc., et al. | 25STCV34815 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bourne, et al. v. Visa Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bourne, et al. v. Visa Inc., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation                Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bourne, et al. v. Visa Inc., et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                          **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bourne, et al. v. Visa Inc., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 900 Metro Center Blvd. |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Foster City | CA | 94404 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 11/30/2025                                         _____
                                                                          (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**12/01/2025**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ S. Cwikla _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV34815 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 12/01/2025 _____        By S. Cwikla _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

FILED

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_                    _Carolyn B. Kuhl_
                                          Carolyn B. Kuhl, Supervising Judge of the
                                          Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address) | FOR COURT USE ONLY |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES,  (SBN 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464        FAX NO. *(Optional)*: (949) 706-6469<br>E–MAIL ADDRESS *(Optional)* : sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | *Electronically FILED by*<br>*Superior Court of California,*<br>*County of Los Angeles*<br>*12/11/2025 11:38 AM*<br>*David W. Slayton,*<br>*Executive Officer/Clerk of Court,*<br>*By K. Jones, Deputy Clerk* |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 312 N. SPRING STREET<br>MAILING ADDRESS: 312 N. SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE | |
|---|---|
| PLAINTIFF/PETITIONER: KYLE BOURNE, individually and on behalf of all persons similarly situated<br>DEFENDANT/RESPONDENT: VISA INC., a Delaware corporation, et al. | CASE NUMBER: **25STCV34815** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1227795IV |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of :
   a. ☒ Summons
   b. ☒ Complaint  CLASS ACTION
   c ☒ Alternative Dispute Resolution (ADR) package
   d ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e ☐ cross-complaint
   f. ☒ other *(specify documents)*: CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; ORDER PURSUANT TO CCP 1054(A), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKAGE

3. a. Party served: *(specify name of party as shown on documents served)*:
      VISA INC., a Delaware corporation
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a)*:
      CT CORPORATION SYSTEM, INC., REGISTERED AGENT, BY SERVING HENRY LIWAG, AUTHORIZED AGENT

4. Address where the party was served:  330 N. BRAND BLVD. STE. 700
      GLENDALE, CA 91203

5. I served the party *(check proper box)*
   a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/4/2025  (2) at: *(time)* 12:34PM

   b. ☐ **by substituted service**. On *(date)*:                 at: *(time)*          . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):          (city):                **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence**  stating actions taken first to attempt personal service.

**Page 1 of 2**

| PLAINTIFF/PETITIONER:  KYLE BOURNE, individually and on behalf of all persons similarly situated <br><br> DEFENDANT/RESPONDENT:  VISA INC., a Delaware corporation, et al. | CASE NUMBER: <br><br> **25STCV34815** |
|---|---|

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) (date):                                      (1) (city):

(3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):

☐     Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant

b. ☐ as the person sued under the fictitious name of (specify):

c. ☒ on behalf of (specify): VISA INC., a Delaware corporation

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)                        ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)                ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)         ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                      ☐ 415.46 (occupant)
                                              ☐ other:

7.  **Person who served papers**

a.   Name: ALEX GUEVARA

b.   Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**

c.   Telephone number: **(213) 607-9000**

d.   The fee for service was: $ 75.00

e.   I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ registered California process server:

(i)  ☐ owner  ☐ Employee  ☐ independent contractor.

(ii) ☐ Registration No.:

(iii) ☐ County:

**USA Legal Network**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Or

9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 12/05/2025

ALEX GUEVARA
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

**Page 2 of 2**